UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                    No. 1:22-cr-00123-PLM

                                        Hon. Paul L. Maloney
v.                                       U.S. District Judge

JOSHUA BRERETON,

        Defendant.
                                             /

## UNITED STATES' SENTENCING MEMORANDUM

Violence is never an acceptable means to settle policy disputes. On July 31, 2022, Defendant Joshua Brereton violated that fundamental tenet of American democracy when he set multiple fires to the outside of the Planned Parenthood facility in Kalamazoo, Michigan. His actions cost thousands of dollars in damages, endangered first responders, and prevented patients from receiving medical care.

Brereton now stands convicted of arson of a building, in violation of 18 U.S.C. § 844(i). In pleading guilty, Brereton admitted that, on July 31, 2022, he went to Planned Parenthood, breached the facility's security fence, and used tiki torch fuel and a utility lighter to set fire to the building. He then ignited a Duraflame fire starter log and threw it onto the roof of the building, starting yet another fire. He did so maliciously after posting to social media that abortion constituted genocide. Given the facts of the case and the impact Brereton's actions had on the victims of his crime, the United States recommends a Guidelines-range sentence of 60 months in prison,

which is sufficient but not greater than necessary to achieve the goals outlined in 18 U.S.C. § 3553(a).

## Background

On July 31, 2022, Brereton broke into the grounds of Planned Parenthood in Kalamazoo with one goal – to set the building on fire. He was wearing dark pants, dark shoes, gloves, a camouflage jacket, a blue surgical mask, and a black baseball cap. In his hands, he carried a jug and a dark backpack.



Once on Planned Parenthood's property, Brereton lit two separate fires on the outside of the building. He did so using an accelerant, which investigators later identified as Citronella torch fuel.



Brereton then lit a Duraflame fire starter log and threw it onto the building's roof, attempting to start a third fire, before fleeing the scene.

Prior to the fire, Brereton purchased the torch fuel, Duraflame log, a utility light, and other items used in the arson from a Walmart in Paw Paw. The arson itself and Brereton's Walmart purchases were captured on surveillance video. The Walmart evidence showed that, at approximately 2:57 p.m. on July 31, 2022, Brereton purchased citronella torch fuel (in a jug similar in size and shape to the one carried by the arsonist), a 2.5 pound Duraflame log, a utility lighter, and various household

3

items like cupcakes, sponges, and Arizona tea. The video also showed that, at the time of the transaction, Brereton was wearing dark pants, a dark shirt, and had on grayish/tan hiking boots – the same clothing he was wearing at the time he set the fires at Planned Parenthood.

```
ST# 4439 OP# 00009047 TE# 47 TR# 02973

CITRO         008686221069S    9.98 AD
2.5LB LOG     004113700125S    4.46 AD
SCRUB SPONGE  002120047529S    6.06 AD
KNIFE         069381349999S    2.47 AD
UTIL LIGHTER  009331400054S    0.88 AD
WWHEAT BREAD  007294561103SF   3.48 ?D
OVALTINE 18Z  075174603218SF   5.77 ?
12CT CUPCKE   007874298103SF   7.68 ?
AZ TEA        061300872085SF   3.48 ?D
              SUBTOTAL        44.26
         SALES TAX  1          1.43
                  TOTAL       45.69
              CASH TEND       50.00
              CHANGE DUE       4.31

            ***SURVEY OFFERED***

     TC# 8767 7093 7763 7382 0646
         07/31/22     14:57:28
```

Minutes after making his first purchase, Brereton made a separate purchase – a men's black hat that was similar to the one worn by the arsonist in the Planned Parenthood surveillance footage. He paid for both transactions in cash. After purchasing the hat, Brereton left the store and drove away in a light-colored sedan.

```
ST# 4439 OP# 00009051 TE# 51 TR# 00205

MENS HAT      888579257043S    3.72 AD
              SUBTOTAL         3.72
         SALES TAX  1          0.22
                  TOTAL        3.94
              CASH TEND        4.00
              CHANGE DUE       0.06

            ***SURVEY OFFERED***

     TC# 9123 1201 1294 1534 0535
         07/31/22     15:00:43
```

4

Investigators executed a search warrant at Brereton's residence four days after the arson, and recovered items linking him to the crime, including a camouflage jacket, black hat, and boots matching the ones worn by the arsonist.



Finally, investigators reviewed Brereton's open-source social media, including Facebook and YouTube, looking for a motive behind the arson. There, they found multiple anti-abortion posts, including a video in which Brereton referred to abortion as "genocide."

The above events led to Brereton's indictment on two charges – arson of a building used in interstate commerce, in violation of 18 U.S.C. § 844(i); and damaging property that provides reproductive health services, in violation of 18 U.S.C. §§ 248(a)(3) and (b)(1). (R.13: Indictment, PageID.29.) Brereton subsequently pled guilty to the arson count. (R.21: Plea Agmt., PageID.46.) He now comes before the Court for sentencing.

**The Sentencing Guidelines**

At sentencing, the Court must first calculate the advisory Guideline level applicable to the offense of conviction. Here, the United States concurs with the Guideline calculations outlined in the Presentence Investigation Report (PSR). (R.31: PSR, PageID.92-93.) The PSR determines that Brereton's base offense level is 24 and that this offense level should be decreased by three levels for Brereton's early acceptance of responsibility. (*Id.* at PageID.93.) With a total offense level of 21 and criminal history category I, the corresponding advisory Guideline range is initially calculated to be 37 to 46 months in prison. However, arson carries a mandatory minimum sentence of 60 months; therefore, the Guideline term of imprisonment is 60 months. U.S.S.G. § 5G1.1(b).

**Sentencing Factors under 18 U.S.C. § 3553(a)**

In addition to the Sentencing Guidelines, the Court must also address the sentencing factors outlined in 18 U.S.C. § 3553(a) in order to craft a sentence that is "sufficient but not greater than necessary." Here, those factors weigh in favor of a sentence of 60 months – a sentence that reflects the serious and violent nature of the crime Brereton committed, Brereton's own characteristics, and the need to protect the public while deterring future criminal acts.

I.  **Nature and Circumstances of the Offense**

Brereton committed arson – a violent crime. He snuck onto the grounds of Planned Parenthood, damaging the building's security fence in the process, for the

6

express purpose of setting multiple fires. His actions endangered the lives of first responders and also prevented patients from receiving necessary medical care.

Brereton committed this violent crime to advance his own position. Calling abortion "genocide," he set fire to Planned Parenthood specifically to prevent patients from obtaining safe, legal medical care. The arson was premeditated, and Brereton disguised his identity. He used cash to purchase the items he needed to set the fires. Then, given the security cameras at the facility, Brereton wore a hat, a large coat, and covered his face with a surgical mask when he set the fires, all in a clear attempt to avoid being identified by law enforcement.

In our society, regardless of one's political beliefs, violence is never an acceptable answer. Processes exist to change laws and influence policy in a peaceful manner rather than taking the law into one's own hands. Here, Brereton ignored those peaceful alternatives and instead committed an act of unnecessary and unprovoked violence. The facts of this case, therefore, support the imposition of a significant sentence.

## II.     History and Characteristics of the Defendant

Brereton not only committed a violent crime in this case, but he also did so as part of a larger effort to encourage others to participate in such acts. Prior to the fire, Brereton posted a video to his YouTube channel discussing abortion and abortion policy. In the video, Brereton referred to abortion as "genocide" and encouraged others to "step out of your comfort zone" to change society. This is not a defendant who was content to sit on the sidelines, or even advocate for change lawfully, but is instead

someone who willingly acted out violently to attempt to force a chance in a system with which he disagreed. He had no reservations about posting videos to social media encouraging others to do the same.

Brereton's violence in this case is particularly troubling given his history. He has no previous criminal convictions. (R.31: PSR, PageID.93.) He grew up in a stable and cohesive home where he had good relationships with his parents and siblings. (*Id*. at PageID.94.) He is married with two small children with whom he describes as having a loving and healthy relationship. (*Id*.) Yet, despite these positive attributes, Brereton convinced himself that arson was an acceptable way to effectuate political change. For that, he is deserving of a significant prison sentence.

### III. Seriousness of the Crime, the Need to Afford Adequate Deterrence, and the Need to Protect the Public from Further Crimes

There is no doubt that Brereton's crime was serious and is deserving of a sentence of imprisonment. He planned and executed an arson that involved setting three separate fires. He did so without thinking "of the first responders or others who could have gotten hurt." (*Id*. at PageID.91.) Only when he had been arrested and charged with arson did Brereton begin to exhibit remorse.

Likewise, a significant sentence is necessary to deter others from committing similar acts of political violence in the future. There is no room for vigilante justice in our society. Political disagreements should be settled through political processes, not through calculated acts of violence. A significant sentence here will send a clear message to others that crimes like Brereton's will not be tolerated.

## IV. The Need to Provide Restitution to Victims

Arson is not a victimless crime. Here, Brereton's actions damaged Planned Parenthood's facility, prevented patients from receiving medical care, and ensured that a business would lose revenue when it was forced to shut down for repairs. As part of its sentence in this case, then, the Court should include an order that Brereton pay Planned Parenthood restitution to compensate it for the damage caused to their facility and its business. Specifically, Brereton should be ordered to repay Planned Parenthood and its insurance company $32,699.45 – the total amount of repairs and the business's lost income.

## Conclusion

Brereton committed an unprovoked act of political violence. He did so in support of his own agenda without regard to the damage and the danger his actions could cause. Thus, given the evidence here, the United States recommends that the Court impose a 60-month sentence in this matter.

Respectfully submitted,

MARK A. TOTTEN
United States Attorney

Dated:   January 30, 2023         /s/ Stephanie M. Carowan
STEPHANIE M. CAROWAN
Assistant United States Attorney
P.O. Box 208
Grand Rapids, Michigan 49501
Tel. (616) 456-2404